TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIUS J. NAM (Cal. Bar No. 288961)
Assistant United States Attorney
Deputy Chief, Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6942
     Facsimile: (951) 276-6202
     E-mail:    julius.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
5/20/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___LM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No.5:21-cr-00123 JFW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ANGEL RAMOS-CORRALES |
| v. | |
| ANGEL RAMOS-CORRALES, | |
| Defendant. | |

1.   This constitutes the plea agreement between ANGEL RAMOS-CORRALES ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

   a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count information, in

the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with Animal Crushing, in violation of 18 U.S.C. § 48(a)(1).

   b. Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Orders of the Chief Judge 20-043, 20-097, and 20-186 or another order, rule, or statute.  Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

    i. Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

    ii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

    iii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iv. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

c. Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

d. Not contest facts agreed to in this agreement.

e. Abide by all agreements regarding sentencing contained in this agreement.

f. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

g. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h. Agree to and not oppose the imposition of the following condition of probation or supervised release: Defendant shall not own, possess, or exercise power or control over any pets or any living non-human mammals, birds, reptiles, amphibians, or fish.

i. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a sentence of imprisonment no higher than 24 months.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Animal Crushing, in violation of 18 U.S.C. § 48(a)(1), the following must be true: (a) defendant engaged in animal crushing, that is, he impaled a dog, a living non-human mammal, and subjected the dog to serious bodily injury; (b) defendant acted purposely, that is, with conscious object to engage in animal crushing and with awareness of the results of his conduct, and (c) defendant's conduct of animal crushing was in or affecting interstate or foreign commerce.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 48(a)(1) is: 7 years' imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration

status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On February 13, 2021, defendant purposely impaled his pet dog, a living non-human mammal, and subjected the dog to serious bodily injury inside defendant's residence in the City of Riverside, within the Central District of California. After purchasing the dog four months earlier, defendant had named the puppy "Canelo."

On February 13, 2021, defendant inflicted severe injuries to Canelo's head and torso, causing skull and rib fractures, which then caused Canelo to fall continuously, unable to control his legs. While Canelo kept falling head first from his injuries inside defendant's residence, defendant recorded a video of Canelo and posted it on his account on Instagram, an Internet-based photo and video sharing and instant messaging website and mobile application, distributing the video to defendant's Instagram followers.

On the same day, defendant also slit Canelo's throat by approximately 4.4 centimeters (or approximately 1.7 inches), causing Canelo to bleed significantly and fall into a nonresponsive physical state.  While Canelo was lying on the floor of defendant's bathroom, defendant recorded a video of Canelo and posted it on Snapchat, an Internet-based photo and video sharing and instant messaging mobile application, distributing the video to defendant's Snapchat friends.  Several of defendant's Snapchat friends viewed that video, including one who viewed it from Mexico and transmitted a recording of the video to another person in California.

Before distributing the video on Snapchat, defendant placed a caption on the video: "The next one I rinnin issa soal."  In the video, defendant made aggressive gestures toward Canelo and said:  "All you motherfuckers talking all this shit.  This ain't shit, homie.  I just smoked his little ass.  Like that, homie.  This is real life, homie.  You only live once, homie.  I ain't no fucking bitch.  I'm cold-hearted, homie.  Check this shit out, homie."  Defendant then swiftly kicked Canelo's head, causing Canelo's body to swivel and jerk back by about a body's length, after which defendant said, "Mo-fucker's dead."  Canelo, in fact, was not dead.  He was clinging to his life, still breathing.

When defendant slit Canelo's throat and caused injuries to Canelo's head, defendant acted purposely, that is, with conscious object to impale Canelo and cause serious bodily injury to Canelo and with awareness that Canelo would suffer serious bodily injuries from defendant's acts.

After law enforcement officers responded to defendant's residence and Riverside County Department of Animal Services took custody of Canelo, a veterinarian determined that Canelo was still alive but nonresponsive and suffering from severe blunt trauma to both sides of the head and face with fractures to the skull, a deep and clean-cut laceration of the neck on the jugular region measuring 4.4 centimeters, a left rib fracture, and rhythmic tremors affecting all four legs. Due to the severity of Canelo's injuries, the veterinarian euthanized Canelo late night on February 13, 2021.

By causing serious injuries to Canelo's head and torso and slitting Canelo's throat, and distributing videos of Canelo on Instagram and Snapchat on the Internet, a facility of interstate commerce, defendant purposely engaged in animal crushing, as defined in Title 18, United States Code, Section 48(f)(1), in and affecting interstate and foreign commerce.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

11. Except as set forth in paragraph 3 above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Except as set forth in paragraph 3, both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

12. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 36 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is

1 within the statutory maximum; (e) the term of probation or supervised
2 release imposed by the Court, provided it is within the statutory
3 maximum; and (f) any of the following conditions of probation or
4 supervised release imposed by the Court: the conditions set forth in
5 Second Amended General Order 20-04 of this Court; the drug testing
6 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the
7 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);
8 and the condition of probation or supervised release agreed to by
9 defendant in paragraph 2 above.

10    16.  The USAO agrees that, provided all portions of the sentence
11 are at or below the statutory maximum specified above, the USAO gives
12 up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

14    17.  Defendant agrees that if, after entering a guilty plea
15 pursuant to this agreement, defendant seeks to withdraw and succeeds
16 in withdrawing defendant's guilty plea on any basis other than a
17 claim and finding that entry into this plea agreement was
18 involuntary, then the USAO will be relieved of all of its obligations
19 under this agreement

### EFFECTIVE DATE OF AGREEMENT

21    18.  This agreement is effective upon signature and execution of
22 all required certifications by defendant, defendant's counsel, and an
23 Assistant United States Attorney.

### BREACH OF AGREEMENT

25    19.  Defendant agrees that if defendant, at any time after the
26 signature of this agreement and execution of all required
27 certifications by defendant, defendant's counsel, and an Assistant
28 United States Attorney, knowingly violates or fails to perform any of

11

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND</u>

<u>PRETRIAL SERVICES OFFICE NOT PARTIES</u>

20.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

21.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

22. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_/s/ Julius Nam_                    May 19, 2021
JULIUS J. NAM                       Date
Assistant United States Attorney

_/s/ Angel Ramos-Corrales_          5-19-2021
ANGEL RAMOS-CORRALES                Date
Defendant

_/s/ Luisa Tamez_                   5/19/21
LUISA TAMEZ                         Date
Deputy Federal Public Defender
Attorney for Defendant
ANGEL RAMOS-CORRALES

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Angel Ramos_          5-19-21
ANGEL RAMOS-CORRALES      Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANGEL RAMOS-CORRALES's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_[signature]_          5/19/21
LUISA TAMEZ      Date
Deputy Federal Public Defender
Attorney for Defendant
ANGEL RAMOS-CORRALES

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| v. | [18 U.S.C. § 48(a)(1): Animal Crushing] |
| ANGEL RAMOS-CORRALES, | |
| Defendant. | |

The Acting United States Attorney charges:

[18 U.S.C. § 48(a)(1)]

On or about February 13, 2021, in Riverside County, within the Central District of California, defendant ANGEL RAMOS-CORRALES purposely engaged in animal crushing, that is, impaling a dog, a

///

///

///

living non-human mammal, by slitting the dog's throat, and otherwise causing serious bodily injury to the dog, in and affecting interstate and foreign commerce.

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

JULIUS J. NAM
Assistant United States Attorney
Deputy Chief, Riverside Branch Office